**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Shirley Dianne Groth, | ) | |
|                     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 0:16-cv-01581-JMC |
| | ) | |
| Nancy A. Berryhill, | ) | **ORDER AND OPINION** |
| Acting Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
|                     Defendant. | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 28), recommending that the Commissioner's Decision be affirmed. For the reasons stated below, the court **REJECTS** the Magistrate Judge's Report (ECF No. 28).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 28) is accurate, and the court adopts this summary as its own. The court will only recite herein procedures pertinent to the court's review of the Report (ECF No. 28). On December 7, 2017, Magistrate Judge Thomas E. Rogers, III filed the Report (ECF No. 28), and on December 21, 2017, Plaintiff timely filed an Objection (ECF No. 29). On January 4, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 30.)

## II.    JURISDICTION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

1

court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). Additionally, pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he [court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

"Although this court may review parts of the Magistrate Judge's [Report] *de novo*, judicial review of the Commissioner's final decision regarding disability benefits 'is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied.'" *Sherby v. Astrue*, 767 F. Supp. 2d 592, 594 (D.S.C. 2010) (citing *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002)). Pursuant to 42 U.S.C. 405(g), the court may affirm, modify, or reverse the decision the Commissioner's decision, with or without remanding the cause for a rehearing.

## IV. ANALYSIS

In May 2015, Plaintiff was assessed with conversion and somatization disorders. (ECF No. 13-2 at 13, ECF No. 13-10 at 9-11.) The Administrative Law Judge ("ALJ") found that Plaintiff's conversion/somatic disorder is a severe impairment (ECF No. 13-2 at 13), and that Plaintiff has moderate difficulties with regard to concentration, persistence, or pace (*id.* at 14).

However, the ALJ applied Medical Vocational Rule 203.22 to find that Plaintiff is not disabled.[2] (ECF No. 13-2 at 22.) The ALJ stated that "[he could not] find that the claimant's moderate difficulties in concentration, persistence and pace are too severe for unskilled work comprised of understanding, remembering, and carrying out simple instructions." (*Id.* at 15.) Taking Plaintiff's limitations into consideration, the ALJ also found that "[t]he additional limitations have little or no effect on the occupational base of unskilled medium work. . . . [and] understanding, remembering, and carrying out simple instructions would not preclude unskilled work." (*Id.* at 22.)

Plaintiff specifically objects to the Report's finding that "Plaintiff has failed to demonstrate that the ALJ erred in relying on the Grids." (ECF No. 28 at 10; ECF No. 29 at 3.) Plaintiff asserts that ". . . the Magistrate Judge's recommendation that the ALJ's decision be affirmed is contrary to Fourth Circuit precedent, as well as [a] recent decision by this court when considering the identical issue regarding the propriety of an ALJ's sole reliance on the Grid Rules." (ECF No. 29 at 3.) Plaintiff also specifically objects to the Report's finding that, because the ALJ properly relied on the Grid Rules in making his decision, the Commissioner carried her burden at step five of the sequential evaluation of disability claims under 20 C.F.R. § 404.1520 and § 416.920. (*Id.* at 6; *see also* ECF No. 28 at 11.) Plaintiff asserts that "in view of the legal error committed by the ALJ in relying solely on the Grid Rules as outlined in the prior section of these objections, . . . this court should decline to adopt the Magistrate Judge's finding that the ALJ did not fail to meet his burden of proof at step five of the sequential evaluation process in this case." (ECF No. 29 at 6-7.)

---

[2] Medical Vocational Rule 203.22 is within Table 3, which provides a grid to assist decisionmakers in determining whether a person is disabled. 20 C.F.R. § Pt. 404, Subpt. P, App. 2 (hereinafter "Grid Rules" or "Grids").

The Magistrate Judge found that "[ ] because the ALJ reasonably found that [Plaintiff] did not have any nonexertional limitations stemming from her mental impairments that would preclude her from doing unskilled, medium work, use of the Grids was not improper." (ECF No. 28 at 10.) Moreover, the Magistrate Judge found that because ". . . the ALJ addressed the evidence concerning [Plaintiff's] alleged mental conditions and explained that he accounted for [Plaintiff's] attention problems and moderate limitations in attentive and cognitive functioning by limiting Plaintiff to unskilled work with only simple instructions and tasks[,]" the ALJ did not err in relying on the Grid Rules in finding that Plaintiff was not disabled. (*Id.*)

Pursuant to *Walker v. Bowen*, when a claimant has "both exertional and nonexertional limitations, the Grids are not conclusive, but may only serve as guidelines." 889 F.2d 47, 49 (4th Cir. 1989) (citing *Wilson v. Heckler*, 743 F.2d 218, 222 (4th Cir. 1984)). "If [the plaintiff] demonstrates the presence of nonexertional impairments, the [Commissioner], in order to prevail, must be required to prove by expert vocational testimony that, despite [the plaintiff's] combination of nonexertional and exertional impairments, specific jobs exist in the national economy which he can perform." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983).[3] "The proper inquiry under *Grant* is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Walker*, 889 F.2d at 49; *see also Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984).

---

[3] *See also* 20 C.F.R § 404.1569a(d) ("Combined exertional and nonexertional limitations. When the limitations and restrictions imposed by your impairment(s) and related symptoms, such as pain, affect your ability to meet both the strength and demands of jobs other than the strength demands, we consider that you have a combination of exertional and nonexertional limitations or restrictions. If your impairment(s) and related symptoms, such as pain, affect your ability to meet both the strength and demands of jobs other than the strength demands, we will not directly apply the rules in appendix 2 [the Grids] unless there is a rule that directs a conclusion that you are disabled based upon your strength limitations; otherwise the rules provide a framework to guide our decision.")

In this case, Plaintiff has proven that she has a severe nonexertional impairment, but the ALJ found that this impairment as well as her additional nonexertional limitations have little or no impact on her ability to perform unskilled work. (ECF No. 13-2 at 22.) At issue in this case is whether the ALJ's reliance solely on the Grids in finding that Plaintiff is not disabled supports the substantial evidence legal standard for the ALJ's decision. The ALJ found that Plaintiff had both exertional and nonexertional impairments; thus, the ALJ had to make a determination as to whether Plaintiff's nonexertional condition affected Plaintiff's "residual functional capacity to perform work of which [s]he is exertionally capable."[4] *See Walker,* 889 F.2d at 49.

In *Phillips v. Astrue*, the plaintiff suffered from a "severe mental impairment of depression and ha[d] mild to moderate difficulties in the area of social functioning and moderate difficulties with regard to concentration, persistence and pace." 2012 WL 3765184, at *3 (D.S.C. June 11, 2012), *report and recommendation adopted*, No. 4:11-CV-01018-JMC, 2012 WL 3775968 (D.S.C. Aug. 30, 2012). The *Phillips* court held that "[m]oderate difficulties in maintaining social functioning or concentration, persistence or pace, would obviously affect the occupational base[ ] for unskilled work, precluding reliance on the Grids to direct a finding of not disabled."[5] *Id.* at *4.

---

[4] Plaintiff's exertional impairment was left shoulder tenderness and decreased range of motion. (ECF No. 13-2 at 20.)

[5] *But see White v. Colvin,* No. 2:12-02990-JMC-BHH, 2013 WL 8181483, at *6 (D.S.C. Oct. 31, 2013), *report and recommendation adopted in part, rejected in part,* No. 2:12-CV-02990-JMC, 2014 WL 1320235 (D.S.C. Mar. 31, 2014) ("[a] number of decisions have expressly found that such a determination [of moderate difficulties in concentration, persistence or pace] at step three prohibits reliance on the grids where others have not.); *Haselden v. Astrue*, No. CA 9:10-545-CMC-BM, 2011 WL 2036457, at *3 (D.S.C. May 23, 2011) (the court agreed that it was error for the magistrate judge to conclude that the ALJ was precluded from relying on the Grids because of the moderate limitations the ALJ found in step three analysis. However, the action was remanded because the ALJ failed to adequately explain his findings regarding the effect that the plaintiff's non-exertional impairments had on the plaintiff's occupational base.)

In this case, the Commissioner concedes that in most cases Plaintiff's arguments regarding her nonexertional limitations would be correct, but that in certain circumstances an ALJ can rely on the Grids even when a claimant has nonexertional impairments. (ECF No. 25 at 9-10.) The Commissioner points to SSR 83-14 which states that "[i]n reaching judgments as to the sufficiency of the remaining exertional job base [taking into consideration both exertional and nonexertional impairments] . . . there are three possible situations to consider [the first being] [w]here it is clear that the additional limitation or restriction has very little effect on the exertional occupational base, the conclusion directed by the appropriate rule in Tables No[s]. 1, 2, 3 would not be affected." SSR 83-14, 1983 WL 31254, at *6 (Jan. 1, 1983). The court is precluded from making a judgment as to whether it was clear that Plaintiff's additional limitations or restrictions had little effect on her exertional occupational base.

The ALJ found that Plaintiff's limitations as to "understanding, remembering, and carrying out simple instructions would not preclude unskilled work." (ECF No. 13-2 at 22.) The ALJ explains throughout his explanation of Plaintiff's RFC that he has considered and accounted for Plaintiff's attention problems (ECF No. 13-2 at 20), Plaintiff's physical limitations (*id.*), and Plaintiff's decreased cognitive functions (*id.* at 11). Pursuant to SSR 85-15 "[t]he basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15, 1985 WL 56857, at *4 (Jan. 1, 1985). The ALJ has limited Plaintiff to unskilled work with only simple instructions and tasks in Plaintiff's RFC. (ECF No. 13-2 at 21.) However, in making these determinations, "[t]he ALJ in effect became a vocational expert." *See Bonds v. Astrue,* No. 6:07-1135-JFA-WMC, 2008 WL 2952446, at *6 (D.S.C. July 29, 2008)

(citing *Chapa v. Astrue*, No. 2:05–CV–0253, 2008 WL 952947 (N.D. Tex. April 8, 2008)). "Whether plaintiff's moderate impairment in the area of concentration, persistence and pace limited plaintiff to one and two step jobs and whether such eroded the occupational base and to what degree it was eroded was a determination for a vocational expert." *Id.* (citing *Chapa,* 2008 WL 952947, at *6).

Plaintiff cites two cases in support of her argument that the ALJ erred in relying solely on the Grids, *Wilson v. Colvin*, No. CV 6:14-4322-TMC-KFM, 2015 WL 9660028, (D.S.C. Dec. 21, 2015), *report and recommendation adopted*, No. CV 6:14-4322-TMC, 2016 WL 81808 (D.S.C. Jan. 7, 2016)[6] and *Bonds v. Astrue*, 2008 WL 2952446. In *Wilson,* the Magistrate Judge found that the ALJ erred in relying on the Grids at step five given the plaintiff's significant nonexertional impairments and the plaintiff's moderate difficulties in social functioning, concentration, persistence, and pace. 2015 WL 9660028, at *10-11. To support this recommendation, the Magistrate Judge cited *Sherby v. Astrue*, 767 F. Supp. 2d 592, 599 (D.S.C. 2010) and its finding that ". . . the court does not believe that the ALJ's general restriction prohibiting Claimant from performing skilled work adequately proves the Commissioner met its burden of establishing that Claimant's concentration deficiency had little or no effect on the occupational base of unskilled, light work." *Id*.

In *Bonds*, the court accepted the Magistrate Judge's Report which found that the ALJ erred by relying solely on the Grids in denying the plaintiff's claim, and not obtaining vocational expert testimony.[7] 2008 WL 2952446, at *12. To support this finding, the Magistrate Judge cited *Chapa*

---

[6] The court notes that this Report was adopted without objection, however, the court still finds the Report's findings persuasive.

[7] In this case, Plaintiff is limited to unskilled work secondary to mild to moderate concentration deficits from pain. *Bonds,* 2008 WL 2952446, at * 11.

7

*v. Astrue*, and its holding that "[p]laintiff's nonexertional impairment of moderate limitation in the area of concentration, persistence and pace could directly affect plaintiff's ability to remain attentive and concentrate [which could affect Plaintiff's ability to do unskilled simple sedentary work][,]" thus requiring expert vocational testimony. *Id.* (citing *Chapa*, 2008 WL 952947, at *6).

The Magistrate Judge addressed these cases and stated that "[i]n those cases, the ALJ determined that the claimant had additional nonexertional limitations stemming from his or her moderate difficulties in concentration, persistence, or pace that are simply [not present in this case]." (ECF No. 28 at 10.) The Magistrate Judge found that because the ALJ addressed Plaintiff's attention problems and moderate limitations in attentive and cognitive functioning by limiting Plaintiff to unskilled work with only simple instructions and tasks, the ALJ could rely solely on the Grids. *Id.* The court finds that the Magistrate Judge erred in making this finding. Because Plaintiff has a severe nonexertional impairment which is a cause for her moderate difficulties in concentration, pace, and persistence, the ALJ is precluded from relying solely on the Grids. *See Phillips,* 2012 WL 3765184, at *4, *Townsend,* 2011 WL 4055402, at *4, *White*, 2014 WL 1320235, at *5 (the court found that the combination of Plaintiff's exertional and nonexertional impairments presented a situation where the Commissioner (through the ALJ) could not rely solely on the grids).[8] Plaintiff does not need an "extra impairment" in addition to moderate difficulties in concentration, pace, and persistence in order to preclude the ALJ from relying solely on the Grids as the Magistrate Judge seems to infer. The ALJ erred in relying solely on the Grids; therefore, the court is unable to determine whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence.

---

[8] *See also White,* 2014 WL 1320235 (plaintiff had moderate difficulties in concentration, pace or persistence, as well as nonexertional limitations including borderline intellectual functioning, illiteracy, and use of a colostomy bag).

Additionally, because the ALJ relied solely on the Grids and the Magistrate Judge erroneously found that the ALJ's reliance was not in error, the court finds that the Commissioner did not sufficiently carry her burden at step five of the sequential evaluation process and did not prove that there are a significant number of jobs in the national economy that Plaintiff can perform.

## V. CONCLUSION

For the reasons stated above, the court **REJECTS** the Magistrate Judge's Report (ECF No. 28). The court **REVERSES** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDS** this action to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 22, 2018
Columbia, South Carolina