# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Shirley D. Groth, ) | |
| ) | Civil Action No.: 0:16-cv-01581-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Plaintiff Shirley D. Groth's ("Plaintiff") Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 36.) The Commissioner of Social Security Administration ("the Commissioner") responded to Plaintiff's Motion on July 2, 2018, and opposed an award of attorney's fees under the EAJA. (ECF No. 37.) For the reasons stated herein, the court **GRANTS** Plaintiff's Motion for Attorney's Fees under the EAJA.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As previously decided in its March Order, the court concludes, upon its own review of the record, that the factual and procedural summation in Magistrate Judge Paige J. Gossett's ("the Magistrate Judge") Report and Recommendation ("Report") (ECF No. 28) is accurate, and the court adopts this summary as its own. (ECF No. 34 at 1.) The court also adopts the additional procedural findings in its March Order. (*Id.* at 1-4.) As brief background, the court will recite the relevant procedural facts involving Plaintiff's Motion.

On December 7, 2017, the Magistrate Judge filed a Report and recommended affirming an administrative law judge's ("ALJ") determination regarding Plaintiff's lack of a disability. (ECF

1

No. 28 at 10.) On December 21, 2017, Plaintiff timely filed an Objection to the Report. (ECF No. 29.) On January 4, 2018, the Commissioner replied to Plaintiff's Objection and advocated for the adoption of the Report. (ECF No. 30.) On March 22, 2018, the court rejected the Magistrate Judge's Report, reversed the Commissioner's decision, and remanded the case for further administrative proceedings. (ECF No. 34 at 9.) Plaintiff filed the instant Motion on June 18, 2018. (ECF No. 36.) The Commissioner responded to the Motion on July 2, 2018, arguing that her legal position during the proceedings was "substantially justified" because the position had a "reasonable basis in law and fact." (ECF No. 37 at 10-11.) The Commissioner further maintains that this case presented a "close question" and does not warrant an award of attorney's fees to Plaintiff under the EAJA. (*Id.* at 1.) Plaintiff replied on July 9, 2018, and alleged that the Commissioner's position was not "substantially justified" because the Commissioner failed to "adhere to well-established [d]istrict [c]ourt precedent on the issues on appeal." (ECF No. 38 at 5.) Thus, Plaintiff submits that attorney's fees should be awarded under the EAJA. (*Id.* at 5.)

## II. STANDARD OF REVIEW

Under the EAJA, a claimant is eligible for an award of attorney's fees when the following requirements are met: (1) the claimant was the prevailing party; (2) the Commissioner's position was not "substantially justified"; (2) there are no "special circumstances mak[ing] an award unjust"; and (4) the fee application was submitted to the court within 30 days of the final judgment and was supported by an itemized statement. 28 U.S.C. § 2412(a)-(d). In the instant case, the only disputed issue is whether the Commissioner's position was "substantially justified." (ECF No. 37 at 10-11; ECF No. 38 at 5.)

Generally, the Commissioner "has the burden of proving that [her] litigation position was substantially justified." *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) (citing *Lively v.*

2

*Bowen*, 858 F.2d 177, 180 (4th Cir. 1988)). The Commissioner is not "substantially justified" merely because she loses a case. *See Tyler Bus. Servs., Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982). In order to show that her litigation position was "substantially justified," the Commissioner's position must have a "reasonable basis both in law and fact."[1] *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). With respect to a reasonable basis in law, an administrative agency is required to "follow the law of the circuit whose courts have jurisdiction over the cause of action." *Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986). If an administrative agency does not acquiesce to the law of the circuit, then that agency's position is "manifestly unreasonable." *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir. 1985). As such, "[t]he [G]overnment's non-acquiescence in the law of the circuit entitles the claimant to recover attorney['s] fees." *Crawford*, 935 F.2d at 658 (citing *Hyatt*, 807 F.2d at 379; *Anderson*, 756 F.2d at 1013).

### III. DISCUSSION

**A. The Commissioner's Litigation Position**

As required under *Hyatt*, the Commissioner is bound to follow the law of the Fourth Circuit. 807 F.2d at 379. A deviation from the law of the Fourth Circuit is "manifestly unreasonable." *Anderson*, 756 at 1013. The Commissioner is not at liberty to argue "in opposition to [circuit precedent] without attempting to show how or why it [is] inapplicable." *Anderson*, 756 F.2d at 1013.

---

[1] While the Government is entitled to litigate reasonable positions, regardless of whether it is the prevailing party, the Government is not free to litigate an unreasonable position and masquerade it as being "substantially justified." *See Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("[A] more egregious example of misconduct might, even if confined to a narrow but important issue, taint the [G]overnment's 'position' in the entire case as unreasonable, whereas a totally unsupportable and clearly unreasonable position by the [G]overnment on an inconsequential aspect of the litigation might not.").

3

In its March Order, the court found that the United States Court of Appeals for the Fourth Circuit generally requires expert vocational testimony when a plaintiff demonstrates a combination of exertional and non-exertional impairments. (ECF No. 34 at 4-5.) More specifically, under Fourth Circuit law, when a non-exertional impairment is demonstrated, the Commissioner *may not rely solely* upon the Medical-Vocational Guidelines ("the Grids") to evaluate a claimant's disability. *See Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983). However, the Commissioner *may exclusively* rely upon on the Grids when a claimant does not have a non-exertional impairment. *See Aistrop v. Barnhart*, 36 F. App'x 145, 146 (4th Cir. 2002) (citing *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987); *Gory v. Schweiker*, 712 F.2d 929, 930-31 (4th Cir. 1983)). After discussing the aforementioned law, this court held, in the instant case, that the ALJ "became a vocational expert" because Plaintiff demonstrated the presence of a non-exertional impairment (ECF No. 13-2 at 22), and the ALJ erred by solely relying upon the Grids for determining the status of Plaintiff's disability. (ECF No. 34 at 8 (citing *Bonds v. Astrue*, C/A No. 6:07–1135–JFA–WMC, 2008 WL 2952446, at *6 (D.S.C. July 29, 2008) (quoting *Chapa v. Astrue*, No. 2:05-CV-0253, 2008 WL 952947, at *6 (N.D. Tex. Apr. 8, 2008)).)

The Commissioner, throughout this litigation, has defended the ALJ's decision to exclusively use the Grids in the presence of a non-exertional impairment. (ECF No. 25 at -14; ECF No. 37 at 5-8.) Despite Fourth Circuit precedent prohibiting the sole use of the Grids when there is a non-exertional impairment, the Commissioner argued against these line of cases and continues to do so. (ECF No. 25 at 9-10; ECF No. 37 at 7.) In defending the ALJ's decision, the

Commissioner's litigation position, which directly conflicts with Fourth Circuit precedent, is "manifestly unreasonable" in law and cannot be "substantially justified."[2] *Anderson*, 756 at 1013.

The Commissioner argues that her "position is substantially justified in that many other district courts in the Fourth Circuit agree with the Commissioner's conclusion" regarding the sole use of the Grids when a claimant demonstrates a non-exertional impairment. (ECF No. 37 at 7.) In this respect, the Commissioner's position is misguided. When evaluating whether a legal position is reasonable and "substantially justified," the Commissioner is required to follow and respect the law of the Fourth Circuit. *See Hyatt*, 807 F.2d at 379. It is unavailing that some district courts may support the Commissioner's stance on the Grids,[3] particularly when the Fourth Circuit has dictated that the Commissioner is precluded from exclusively relying on the Grids in the presence of a non-exertional impairment. *Walker*, 889 F.2d at 49. Therefore, the proper inquiry is whether the Commissioner followed the law of the circuit, not the law of various district courts. *Hyatt*, 807

---

[2] The Fourth Circuit established that the Commissioner may "argue reasons why she thinks a case is not controlling . . . ." *Anderson*, 756 F.2d at 1013. However, in this case, the Commissioner has not argued why *Walker* or *Grant* are inapplicable. (ECF No. 25; ECF No. 37.) The Commissioner only states that *Walker* stands for the following proposition: "The proper inquiry under *Grant* is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." 889 F.2d at 49. While the Commissioner is correct in this respect, *Walker* also reaffirmed prior Fourth Circuit precedent and held that "the [Grids] *are not conclusive* but may only serve as guidelines" when both exertional and non-exertional impairments exist. *Id.* (emphasis added) (citing *Wilson v. Heckler*, 743 F.2d 218 (4th Cir. 1984)). The Commissioner has neglected to address this particular aspect of *Walker* and has not set forth a reason it does not apply. (ECF No. 37 at 6.) Moreover, the Commissioner has not stated that she complied with both *Walker* and *Grant*.

[3] The district court cases to which the Commissioner cites are not applicable to the instant case. In those cases, none of the district courts held, as this court did in its March Order (ECF No. 34 at 8), that the Commissioner *solely* used the Grids when determining whether an individual, with non-exertional limitations, was disabled. *See Leftwich v. Colvin*, No. 1:13CV00414, 2016 WL 126753, at *9-*10 (M.D.N.C. Jan. 11, 2016); *Livingston v. Colvin*, No. 3:13–cv–00233–MOC, 2014 WL 496484, at *5-*6 (W.D.N.C. Feb. 6, 2014); *Williams v. Astrue*, No. 2:09CV60, 2010 WL 395631, at *18 (E.D. Va. Feb. 2, 2010). These cases are therefore distinguishable. Furthermore, this court is "bound to carry the mandate of the upper court into execution" and is not required to follow the decisions of other district courts. *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939).

F.2d at 382. As decided by this court's March Order, the Commissioner did not acquiesce to the Fourth Circuit's law when it chose to argue that the ALJ was entitled to place sole reliance on the Grids. (ECF No. 34 at 8-9.) As such, the Commissioner still has not demonstrated that her litigation position is reasonable in law or her reliance on other district court opinions is appropriate.

The Commissioner further maintains that the court should consider that the Magistrate Judge's Report recommended affirming both the ALJ's decision and the Commissioner's position. (ECF No. 37 at 8-11.) The Commissioner cites numerous cases in which this court has found that the Commissioner's position was substantially justified when the Magistrate Judge supported the Commissioner. (*Id.* at 8-9.) Indeed, it is pertinent and relevant that the Magistrate Judge sided with the Commissioner. *See Proctor v. Astrue*, No. 5:11–cv–311, 2013 WL 1303115, at *2 (D.S.C. Mar. 29, 2013) ("The fact that the Magistrate Judge sided with the Commissioner and this court disagreed with that recommendation clearly illustrates that the legal issued involved was a close one about which reasonable minds disagree."). However, "[t]he fact that the Magistrate Judge recommended affirmation of the Commissioner's position does not by itself establish substantial justification." *Houston v. Colvin*, No. 5:12–cv–02852–JMC, 2015 WL 3953968 (D.S.C. June 29, 2015) (citing *United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir. 1992)). In this instance, the court finds that this case was not as close as the Commissioner would like the court to believe. As noted above, the ALJ's sole reliance on the Grids was woefully inappropriate because it was against the law of the Fourth Circuit. (ECF No. 38 at 4-5.) This court has previously held that such an unreasonable position in law warrants an award of attorney's fees. *See Dozier v. Astrue*, No. 1:09–1605–DCN–SVH, 2011 WL 4962143, at *2 (D.S.C. Oct. 18, 2011) (holding that the Commissioner's position was not substantially justified when it was against settled law in the Fourth Circuit). Accordingly, the court rejects the Commissioner's misplaced reliance upon prior

district court precedent and finds that the Commissioner has not carried her burden of showing that her litigation position was "reasonable in law" when she ignored circuit precedent.

**B. Assessment of Attorney's Fees**

After reviewing Plaintiff's Motion and Defendant's Response, the court finds that the request for attorney's fees is reasonable and that Plaintiff is entitled to an award of attorney's fees under the EAJA in the requested amount. In accordance with *Astrue v. Ratliff*, EAJA fees awarded by this court belong to the litigant, thus subjecting EAJA fees to be offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B). 560 U.S. 586, 589 (2010). Therefore, the court directs that attorney's fees be payable to Plaintiff and delivered to Plaintiff's counsel. *Id.* The amount of attorney's fees payable to Plaintiff will be the balance of attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. *Astrue*, 560 U.S. at 593-94. If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees, the amount of attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid. *Id.*

## IV. CONCLUSION

After a thorough review of Plaintiff's Motion (ECF No. 36) and the Commissioner's Response (ECF No. 37), the court **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 36) under the Equal Justice Act and awards $6,891.73 in attorney's fees.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 30, 2018
Columbia, South Carolina